UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NEW YORK DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION MEDICATIONS WITH
ABUSE POTENTIAL PRISONER LITIGATION             MDL No. 3086

ORDER DENYING TRANSFER

**Before the Panel**:[*]  Plaintiffs in all actions listed on Schedule A move under 28 U.S.C. § 1407 to centralize this litigation, which involves the alleged wrongful denial or discontinuation of medications with abuse potential from incarcerated patients in New York prisons, in the Southern District of New York.  This litigation currently consists of 53 actions pending in three adjoining districts, as listed on Schedule A.  The three groups of defendants—New York Attorney General-represented defendants,[1] treating physician defendants in 34 actions,[2] and additional physician defendants in three Southern District of New York actions[3]—oppose centralization.  The additional physician defendants alternatively suggest the Northern District of New York as the transferee forum.

---

[*] Judge Karen K. Caldwell took no part in the decision of this matter.

[1] Defendants Carl Koenigsmann, David Dinello, Susan Mueller, John Hammer, Paula Bozer, and Kristin Salotti.

[2] Defendants Albert Acrish, Ann Andola, Mary Ashong, Ashley Harris Baker, Michelle Belgard, Robert Bentivegna, Robert Burdick, Bandi Lynn Corigliano, Brady Devlin, Rebecca Fears, Razia Ferdous, Deborah Graf, Deborah A. Greer, Mikhail Gusman, David Haimes, Kathryn Infantino, David Karandy, Kyoung Kim Yelena Korobkova, Chung Lee, Jacqueline Levitt, Kathleen Mantaro, Jon S. Miller, Hope Obertean, Gerald Ortego, Jayson Perez, Patricia Pulver, Veronica Ruiz, Lester Silver, Howard Silverberg, Richard Slagle, David Thompson, Janice Wolf-Friedman, Christopher Wright, Mandi Zaccagnino, and Shehab Zaki.

[3] Defendants Lester Silver, Robert Bentivegna, Robert Burke, and Gaetan Zamilus in *Ortiz v. Dinello,* C.A. No. 1:23-3547 (S.D. New York), *Wilkerson vs. Hammer*, C.A. No. 1:23-3397 (S.D. New York), and *Miller v. Hammer*, CA. No. 1:23-3462 (S.D. New York).

- 2 -

After considering the argument of counsel, we are not persuaded that centralization is necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation. The actions contain common factual questions concerning allegations that various New York State Department of Corrections and Community Supervision (DOCCS) employees and medical personnel denied or discontinued, without medical justification, various medications with an alleged abuse potential to incarcerated patient plaintiffs. Despite this factual and legal commonality, centralization does not appear needed to further the just and efficient conduct of this litigation.

Several factors lead us to this conclusion. First, each case likely will turn on the unique circumstances of each patient (*e.g.*, each patient's medical condition, treatment history, substance abuse history, administrative exhaustion efforts, etc.). Second, the cases are at significantly different procedural postures, which weighs against centralization. Fourteen actions were severed from the *Allen I* action, *see Allen v. Koenigsmann*, C.A. No. 1:19-8173 (S.D. New York), and have been litigated since 2019. In most of those actions, discovery has ended and summary judgment briefing ends in early 2024. One action, *Rahman v. Lee*, C.A. No. 1:23-5665 (S.D. New York), appears to be ready for trial. Moreover, in a tranche of 25 cases, discovery is set to conclude in mid-August 2024. In contrast, service is still being completed in most actions pending outside the Southern District of New York.

We have, on occasion, centralized litigation concerning conditions of confinement. For instance, in *In re Texas Department of Corrections Inmate Trust Fund Litigation*, the Panel centralized cases in which plaintiffs alleged that the Texas Department of Corrections had "mismanaged and/or misappropriated interest earned on funds deposited in the Inmate Trust Fund". *See* Transfer Order at 1, MDL No. 746 (J.P.M.L. Feb. 22, 1988), Dkt. No. 2. But this litigation over whether and why incarcerated patients, who suffered a variety of physical and mental conditions at numerous New York institutions, were not given a variety of medications does not involve a similarly narrow issue.

This litigation instead is more akin to *In re Texas Prison Conditions-of-Confinement Litigation*, 52 F. Supp. 3d 1379, 1379 (J.P.M.L. 2014), which involved "seven actions (six individual wrongful death actions and one class action) [with] allegations that inmates in various Texas state prison facilities—in particular, prisoners with disabilities—have suffered injury or death as a result of conditions in inmate living quarters alleged often to be brutally hot during the summer months." The Panel denied centralization, noting that "[e]ach of those six actions involves a unique inmate who was incarcerated at a unique facility and whose death necessarily occurred in unique circumstances," that the involved actions were "at markedly different procedural postures," and "the same law firm represents plaintiffs in all seven actions, and defendants are all represented by the Texas attorney general," so "cooperative efforts" among the parties and courts "should be practicable." *Id.* at 1380. Similarly, there are unique circumstances here surrounding the denial or discontinuation of each medication to each plaintiff, the actions are at vastly different procedural postures, and informal coordination among the involved counsel and courts remains a viable alternative to formal centralization.

- 3 -

To the extent there is any possibility of duplicative discovery or inconsistent pretrial rulings, voluntary cooperation and coordination among the parties and the involved courts is a preferable alternative to centralization. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* MANUAL FOR COMPLEX LITIGATION, FOURTH, § 20.14 (2004). Because common counsel brought all actions and defendants are represented by many of the same counsel, the parties should be able to agree on a plan for common discovery and motion practice that minimizes the risk of duplication.[4] Moreover, cooperation among the three judges in the three adjacent districts may help the actions proceed on a common schedule. As in other MDLs with a significant number of cases in other courts,[5] it may be advisable for the courts hearing these cases to appoint a common special master and adopt other common pretrial orders.

IT IS THEREFORE ORDERED that the motion for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Nathaniel M. Gorton
Acting Chair

Matthew F. Kennelly     David C. Norton
Roger T. Benitez     Dale A. Kimball
Madeline Cox Arleo

---

[4] In opposition to centralization, defendants stress how voluntary cooperation among the parties and counsel will be an adequate alternative to centralization. The Panel expects from such arguments that counsel's conduct will result in meaningful cooperation and concrete actions that help streamline the litigation of these cases going forward in each district.

[5] *See, e.g.,* Jt. Coordination Order, *In re Gen. Motors LLC Ignition Switch Litig.*, C.A. No. 1:14-md-2543 (S.D.N.Y. Sept. 24, 2014), Dkt. No. 315.

IN RE: NEW YORK DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION MEDICATIONS WITH
ABUSE POTENTIAL PRISONER LITIGATION         MDL No. 3086

**SCHEDULE A**

    Northern District of New York

DANIELS v. MANDALAYWALA, ET AL., C.A. No. 9:23−00983
BRIGLIN v. DINELLO, ET AL., C.A. No. 9:23−01001
HERMAN v. DINELLO, ET AL., C.A. No. 9:23−01002
VASQUEZ v. BURKE, ET AL., C.A. No. 9:23−01003

    Southern District of New York

ALLAH v. DINELLO, ET AL., C.A. No. 1:23−03286
JACKS v. MUELLER, ET AL., C.A. No. 1:23−03288
ALSTON v. MUELLER, ET AL., C.A. No. 1:23−03290
PEREZ v. DINELLO, ET AL., C.A. No. 1:23−03300
REYES v. DINELLO, ET AL., C.A. No. 1:23−03315
BERNARD v. DINELLO, ET AL., C.A. No. 1:23−03323
CRICHLOW v. DINELLO, ET AL., C.A. No. 1:23−03386
DUNBAR v. HAMMER, ET AL., C.A. No. 1:23−03391
FEDER v. DINELLO, ET AL., C.A. No. 1:23−03392
FEOLA v. MUELLER, ET AL., C.A. No. 1:23−03393
FRATESCHI v. HAMMER, ET AL., C.A. No. 1:23−03394
HALE v. MUELLER, ET AL., C.A. No. 1:23−03396
WILKERSON v. HAMMER, ET AL., C.A. No. 1:23−03397
VAN GUILDER v. MUELLER, ET AL., C.A. No. 1:23−03398
LOCENITT v. DINELLO, ET AL., C.A. No. 1:23−03399
MADISON v. RUIZ, ET AL., C.A. No. 1:23−03438
MARCIAL v. MUELLER, ET AL., C.A. No. 1:23−03455
MILLER v. HAMMER, ET AL., C.A. No. 1:23−03462
ORTIZ v. DINELLO, ET AL., C.A. No. 1:23−03547
JOHNSON v. DINELLO, ET AL., C.A. No. 1:23−03553
RIVERA v. MUELLER, ET AL., C.A. No. 1:23−03579
JACOBS v. MUELLER, ET AL., C.A. No. 1:23−03606
OLEMAN v. HAMMER, ET AL., C.A. No. 1:23−03607
WILLIAMS v. DINELLO, ET AL., C.A. No. 1:23−03608
RIVERA v. HAMMER, ET AL., C.A. No. 1:23−03700
ROSADO v. MUELLER, ET AL., C.A. No. 1:23−03718
ALLEN v. KOENIGSMANN, ET AL., C.A. No. 1:23−05651
DANIELS v. MUELLER, ET AL., C.A. No. 1:23−05654
DICKINSON v. MUELLER, ET AL., C.A. No. 1:23−05657

-A2

**IN RE: NEW YORK DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION MEDICATIONS WITH
ABUSE POTENTIAL PRISONER LITIGATION**  MDL No. 3086

DOCKERY v. DINELLO, ET AL., C.A. No. 1:23−05658
GRADIA v. DINELLO, ET AL., C.A. No. 1:23−05660
HERNANDEZ v. MUELLER, ET AL., C.A. No. 1:23−05661
KNIGHT v. LEE, C.A. No. 1:23−05662
MATHIS v. MUELLER, ET AL., C.A. No. 1:23−05663
PRITCHETT v. DINELLO, ET AL., C.A. No. 1:23−05664
RAHMAN v. LEE, C.A. No. 1:23−05665
RIVERA-CRUZ v. MUELLER, ET AL., C.A. No. 1:23−05667
STEWART v. MUELLER, ET AL., C.A. No. 1:23−05668
PINE v. HAMMER, ET AL., C.A. No. 1:23−07148
DIGGS v. DINELLO, ET AL., C.A. No. 1:23−07149
WINDLEY v. HAMMER, ET AL., C.A. No. 1:23−07151
LORANDOS v. MUELLER, ET AL., C.A. No. 1:23−07369
BERNARD v. MUELLER, ET AL., C.A. No. 1:23−07375
WILLIAMS v. KARANDY, C.A. No. 1:23−07376

    Western District of New York

BURGOS v. OTT, ET AL., C.A. No. 6:23−06390
FIRST v. DINELLO, ET AL., C.A. No. 6:23−06391
JONES v. SHAHID, ET AL., C.A. No. 6:23−06457
PIVETZ v. DINELLO, ET AL., C.A. No. 6:23−06458
RAU v. WRIGHT, ET AL., C.A. No. 6:23−06459